Edward D. Harper, Jr. v. Commissioner.
Harper v. Commissioner
Docket No. 7881-70 SC.
United States Tax Court
T.C. Memo 1971-296; 1971 Tax Ct. Memo LEXIS 35; 30 T.C.M. (CCH) 1255; T.C.M. (RIA) 71296; November 23, 1971, Filed. Edward D. Harper, Jr., pro se, Watring Apt., Elkins, W. Va.Donald W. Mosser, for the respondent. GUSSIS
Memorandum Findings of Fact and Opinion GUSSIS, Commissioner: Respondent determined a deficiency in petitioner's Federal income tax for 1968 in the amount of $796.85. The issues are (1) whether petitioner is entitled to a deduction for automobile expenses and legal fees under section 162(a) of the 1954 Internal Revenue Code and (2) whether petitioner is entitled to deduct child support payments made by him in 1968. Findings of Fact Some of the facts were stipulated and they are so found. Edward D. Harper, Jr., was a resident of Elkins, West Virginia at the time his petition herein was filed. He filed his Federal income tax return *36 for 1968 with the district director of internal revenue, Parkersburg, West Virginia. Petitioner was employed by the West Virginia State Road Commission during the year 1968 and all of the income reported by him on his 1968 tax return ($5,370) represented wages from such employment. Petitioner and his former wife, Wilma Mae Harper, were divorced on September 15, 1967 and the divorce decree awarded custody of the two children to the wife. The divorce decree also provided that the petitioner was to pay $100 per month for the support of the two children. In 1968 petitioner incurred legal fees of $50 in a court action brought by his former wife involving the child support payments. Petitioner claimed the following deductions on his 1968 Federal income tax return: (1) child support payments, $1,200; (2) automobile expenses in the amount of $5,100.24; and (3) legal fees in the amount of $50. Respondent disallowed these deductions. Opinion It has been stipulated that petitioner made child support payments in 1968 in the amount of $950 rather than the amount of $1,200 claimed by him on his income tax return. The divorce decree awarding custody of the two children to the former wife *37 specifically provided that the monthly payments were for the support of the two 1256 minor children. It is clear under the statute that such payments for the support of the minor children are neither deductible by the husband nor taxable to the wife. Section 71(b) and section 215 of the 1954 Internal Revenue Code; see also Commissioner v. Lester, 366 U.S. 299 (1961). Respondent is sustained on this issue. It appears that petitioner's former wife instituted Court proceedings in 1968 against petitioner in connection with his obligation to make child support payments. Petitioner stated that he had to "hire a lawyer, to keep from going to jail." Petitioner's legal expenses of $50 thus incurred by him are personal nondeductible expenditures under section 262 of the 1954 Internal Revenue Code. Petitioner claimed a deduction for automobile expenses in 1968 in the amount of $5,100.24 based upon a mileage computation (15,000 miles at $.10 per mile and 51,432 miles at $.07 per mile). During the year 1968 petitioner was employed full-time with the West Virginia State Road Commission and received total wages of $5,370. There is nothing in the record to support a business expense *38 deduction for the use of an automobile in 1968. Petitioner does not contend that the automobile expenses were incurred in connection with his State job. Nor is there any evidence that would support such a contention. Rather, he made some vague and completely uncorroborated references at the trial to some profit-seeking activities involving the sale of used heavy equipment and high reflectivity limestone for spacecraft shieldings. There is no convincing evidence to show that petitioner was actually engaged in these activities. He testified that he sold nothing during 1968 and as far as we can tell from this record it does not appear that he ever received any income from these purported activities. He kept no diaries or any other records indicating the nature of his travel during 1968. Nor do we have any receipts in evidence. Consequently, even if petitioner were in fact engaged in a trade or business or some profit-making endeavor apart from his State job, it is clear that any claims for the deduction of travel expenses must be denied for failure to meet the substantiation requirements of section 274(d) of the 1954 Internal Revenue Code. Respondent is sustained on this issue. Reviewed *39 and adopted as the report of the Small Tax Case Divised. Decision will be entered for the respondent.